[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE' MOTION TO STRIKE CLAIM FOR EMOTIONAL DISTRESS
Plaintiff Robbie Patchell is the administrator of the estate of the late Mary Patchell (hereafter Patchell) Pending in this court is a complaint against "defendants" Automobile Insurance Company (AIC) and Deborah Fiducia, arising out of plaintiffs claim for uninsured motorist benefits. It is alleged in the complaint that Patchell was injured in a 1989 automobile accident caused by the negligence of Karl N. Helff. The plaintiff further alleges that Patchell exhausted Karl N. Helff's liability insurance by collecting $20,000 in damages, and that although she timely filed a claim with AIC for uninsured motorist benefits, AIC breached her contract policy of insurance by not providing benefits for her uncompensated damages.
In the Third Count Patchell asserts a claim of intentional infliction of emotional distress against Deborah Fiducia, the AIC claims adjuster. In this count Patchell alleges essentially that Deborah Fiducia made an offer of $12,000 to her lawyer, Douglass Apicella, for the purpose of settling her claim to uninsured motorist benefits. The count contains the further allegation that Deborah Fiducia said to attorney Douglas Apicella that the reason for the offer was that the plaintiff was able to get pregnant and that she had done things to get pregnant. This statement was made within the context of the Patchell's physical abilities related to her claim of physical injuries allegedly resultant from the automobile accident. Although Patchell was not present when this statement was made, she asserts in the third count that the statement about her having done something to get pregnant was extreme and outrageous in view of the fact that the defendant knew or should have known that she had suffered a miscarriage. This count contains the allegations that attorneys Douglas Apicella and Anthony Apicella communicated this statement to the plaintiff since as her lawyers they have an ethical obligation to have done so.
Defendant Deborah Fiducia has filed a Motion for Summary Judgment, pursuant to Conn. Prac. Bk Sec. 17-44. In her motion, Deborah Fiducia asserts that as a matter of law the statement attributable to her does not rise to the level of being sufficiently outrageous or extreme to have caused Patchell emotional distress, intentionally or otherwise. The plaintiff counters with several arguments, including the fact that the legal sufficiency of the plaintiffs claim of intentional infliction of emotional distress was addressed earlier in the case by Judge Joseph Licari in his ruling denying a Motion to Strike. In his ruling on the Motion to Strike Judge Licari stated CT Page 3952 the following:
 The Court is not prepared to say that as a matter of law the alleged comments are not extreme and outrageous.
 Memorandum of Decision (September 25, 1995)
The plaintiff argues that Judge Licari's ruling on the legal sufficiency of the statement is the law of the case, and that this ruling should not be reversed. In support of its position the plaintiff cites the following language from Breen v. Phelps,186 Conn. 86
 Where a matter has previously been ruled upon interlocutorily, the court in a subsequent proceeding in the case may treat that decision as the law of the case, if it is of the opinion that the issue was correctly decided, in the absence of some new or overriding circumstances.
 Id. at 99.
Defendant Deborah Fiducia disagrees. Both parties has filed extensive memoranda with supporting documents. See Conn. Prac. Bk Sec. 17-46. In deciding whether to change the law of the case decided by a prior judge, the court is cautioned to subscribe to the following admonition and directive as set out in Breen v.Phelps, supra:
 Judge shopping is not to be encouraged and a decent respect for the views of his brethren on the bench is commendable in a judge. Nevertheless, if the case comes before him regularly and he becomes convinced that the view of the law previously applied by his coordinate predecessor was clearly erroneous and would work a manifest injustice if followed, he may apply his own judgment.
 Id. at 100.
This court has reviewed the legal authorities and the extensive documentation presented by the parties. Viewed through the prism of the foregoing principles in Breen v. Phelps, supra.,
this court finds that the ruling of the coordinate judicial authority was not such as to accept the invitation to reverse his ruling.
For the foregoing reason, the Motion for Summary Judgment is CT Page 3953 denied.
Clarance J. Jones, Judge.